### JOHN W. KARNES

#### *v.*

### THE BELLEVILLE AND ELDORADO RAILROAD COMPANY.

LAW AND FACT—*relevancy and admissibility of evidence are for the court.* It is error for the court to submit to the jury the question as to what testimony is relevant and pertinent to the matters in issue. It is the province of the court, and not of the jury, to exclude improper testimony.

APPEAL from the County Court of Saline county; the Hon. RICHARD N. WARFIELD, Judge, presiding.

Mr. H. H. HARRIS, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a proceeding by the railroad company to condemn for their use a part of the lands of appellant. The damages and compensation were assessed and ascertained by the verdict of a jury. Before hearing the testimony, by consent of the parties the jury were permitted to inspect the premises, and thereupon witnesses were sworn for petitioners and for Karnes, who testified pro and con as to the amount of a reasonable compensation for the land that was taken and as to the amount of damages to adjoining land. After the evidence was heard, the court, at the request of the petitioners, instructed the jury, among other things, that the jury had the right, in considering the testimony, to "exclude such testimony as they see is improper." And again, "The jury has the right to decide on questions of damages from their own personal inspection of the premises, from their own experience,

and such testimony as they believe is relevant and pertinent to the questions in issue."

This instruction was clearly wrong. It is the province of the court, and not of the jury, to exclude improper testimony from the consideration of the jury. It is the province of the court, and not of the jury, to determine what testimony is relevant and pertinent to the questions in issue. It was error in the court to submit these questions to the jury.

Karnes excepted to the giving of these instructions at the time, and being dissatisfied with the assessment of damages, appeals to this court.

For this error the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*